SCANDINAVIAN MUTUAL INSURANCE COMPANY, APPELLANT,
v.  CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY,
APPELLEE.

FILED MARCH 13, 1920.   No. 20660.

Insurance: SUBROGATION.  A payment of a liability of another by one
who is under no legal or moral obligation to pay the same does
not entitle the volunteer to subrogation in the absence of an agree-
ment to that effect.

APPEAL from the district court for Kearney county:
WILLIAM C. DORSEY, JUDGE.  *Affirmed.*

C. P. Anderbery, for appellant.

E. E. Whitted, J. L. McPheely and J. L. Rice, contra.

LETTON, J.

Plaintiff, a mutual insurance company, issued a policy
of insurance to Mrs. H. P. Johnson for $300 insuring
"grain in barn, granaries, cribs or in stacks,    *    *    *
all while located and contained on the N. E. quarter of
section 20, township 6, range 16, county of Kearney."
The policy provided, among other things: "If the inter-
est of the insured member be or become other than the
entire, unconditional and complete and sole ownership
of the property,    *    *    *    then and in such case the
policy or certificate of insurance shall be void unless
otherwise provided by agreement approved by the secre-
tary and indorsed on policy."

A fire set by an engine of the defendant consumed
grain in stacks upon the east half of the northwest quar-
ter of the same section, which was owned by one C. M.
Johnson.  Plaintiff and her son and agent, John P. John-
son, as tenants, owned an undivided share in this grain.

The petition alleges that plaintiff, in accordance with
its usual custom to pay losses occurring on other land
than that described in the policy, paid the loss to Mrs.
Johnson, and by reason thereof became subrogated to

her right against defendant; that John P. Johnson filed
a claim with defendant for the loss of 223 bushels of
wheat on the farm, and that defendant paid him in full
for all damages to all of said property, including the
share of C. M. Johnson, Mrs. H. P. Johnson and John P.
Johnson, excepting only such loss or damage covered by
insurance, which insurance was the insurance covered
by the policy hereinbefore set out.

The receipt given by John P. Johnson to defendant re-
cites that the payment was in full settlement of all claims
resulting from the fire, and that "said fire destroyed
wheat, ladder, pitchfork and other property, all of which
was owned by me and on which there was no insurance
and no mortgages."

It is alleged that the agent of defendant was informed
of the insurance on the property, and deducted in the
settlement the amount for which the insurance company,
plaintiff, was liable, to wit, $160.10; that defendant is
now estopped from denying the validity of the claim,
and "that by reason of the payment of said loss sus-
tained by the said Mrs. H. P. Johnson, C. M. Johnson
and John P. Johnson, this plaintiff has become subro-
gated" to a right of action against the defendant for the
$160.10 paid by it.

A demurrer to the petition was sustained. Plaintiff
elected to stand upon the petition, and the action was
dismissed. Plaintiff appeals.

The policy of insurance did not cover the grain de-
stroyed, but only grain "while located and contained" on
another tract of land. The policy also provided that, if
the interest of the insured was other than the entire and
sole ownership of the property, the policy should be void
unless by agreement indorsed on the policy. The plain-
tiff was under no legal liability to pay the loss, and the
payment made by it was purely voluntary. The law is
well settled that one cannot by means of a mere volun-
tary payment be subrogated to a right which the payee
may have against another. *Washburn v. Osgood,* 38 Neb.

804; *McKinnon v. New York Assets Realization Co.*, 217 Fed. 339. There is nothing in the petition to show that plaintiff was induced to pay the money by a promise on the part of defendant to repay the same, or that it was knowingly induced to alter its position to its detriment by any act of defendant. In short, no act is pleaded which raises an estoppel against the railroad company.

The petition does not state a cause of action, and the judgment of the district court must be

AFFIRMED.

DAY, J., not sitting.