## 13099. HARTFORD FIRE INSURANCE COMPANY v. PAYNE, director-general.

The judge did not err in refusing to sanction the certiorari.

DECIDED JUNE 14, 1922.

Petition for certiorari; from Pike superior court — Judge Searcy. November 4, 1921.

From the petition for certiorari it appears that, as assignee of the right of action of the owner of certain cotton alleged to have been destroyed by fire thrown out of a locomotive, the Hartford

Fire Insurance Company brought suit in a justice's court against the Federal director-general of railroads; and the justice sustained a demurrer based on the grounds that no cause of action was stated in the plaintiff's petition, and that it appeared from the petition that the cotton was at the time of the damage located on a platform formerly owned and controlled by the Williamson Gin & Warehouse house Company, and that "the subrogation upon which the plaintiff bases its right of action . . has reference only to cotton in bales contained in the Williamson Gin & Warehouse Company's warehouse."

As to the location of the cotton the petition demurred to alleges, that on May 13, 1919, the plaintiff's assignor, E. L. Hooten, was the owner of certain cotton in bales "located on a platform formerly owned and controlled by the Williamson Gin & Warehouse Company, at Williamson, said State [of Georgia], . . built along and adjacent to defendant's railroad;" and it is alleged that on that date, "due to the negligence of the defendant, his servants and employees, in the operation of a locomotive alongside and near aforesaid platform upon which said cotton was located, fire was thrown out of said locomotive in such a way as to set fire to said cotton." The petition states that the plaintiff, having by contract indemnified the owner of the cotton against loss by fire and having paid to him the amount representing said loss and accepted from him an assignment set out, "now brings this action to indemnify itself for the damage and loss occasioned by the aforesaid negligence of the defendant," amounting to $38.46. The insurance contract here referred to states that the insurance company insures Hooten against loss or damage by fire in the sum of $750 "on cotton in bales, while contained in Williamson Gin & Warehouse Company's concrete warehouse, Williamson, Georgia," for a period including the above-mentioned date; and it bears an endorsement as follows: "This policy is hereby changed to cover in any warehouse, street, or platform in Williamson, Georgia;" signed by the insurance company's agent. The assignment referred to states that the policy was "on cotton in bales, while contained in Williamson Gin & Warehouse Company warehouse, Williamson, Georgia."

*Cumming & Maddox,* for plaintiff.

*Battle & Arnold, G. D. Dominick, E. M. Owen,* for defendant.

BLOODWORTH, J. The Hartford Fire Insurance Company brought suit in a justice's court in Pike county, filing a formal petition against the Federal director-general of railroads, alleging in part: "Your petitioner shows that it is the assignee of a right of action, involving only property rights, of one E. L. Hooten, owner of certain cotton insured by plaintiff and destroyed by fire through the negligence of the defendant herein, plaintiff having paid to said E. L. Hooten damages herein named, and having been subrogated by written assignment by said E. L. Hooten to all rights, claims, interest, choses or things in action, to the extent of said damages paid. A copy of said written assignment is hereto attached, marked 'Exhibit A,' and made a part of this petition." Exhibit A is signed by E. L. Hooten, and is as follows: "Be it known that the Hartford Fire Insurance Company, of Hartford, Conn., did insure E. L. Hooten under policy No. 85 as follows: $750 on cotton in bales, while contained in Williamson Gin and Warehouse Company warehouse, Williamson, Georgia. Further that on the 13th day of March, 1919, a fire occurred by which the property so insured was damaged or destroyed to the amount of thirty-eight and 46/100 dollars, such fire having been caused by sparks from locomotive, as informed and believed. Now therefore, in consideration of thirty-eight and 46/100 dollars, to me in hand paid by the Hartford Fire Insurance Company in full settlement of my claim against said company by reason of such insurance and loss, do hereby assign, set over, transfer, and subrogate to the said Hartford Fire Insurance Company all the right, claims, interest, choses or things in action, to the extent of thirty-eight and 46/100 dollars, paid me as aforesaid, which I may have against the railroad company, or any other party, person, or corporation, who may be liable to [?] hereafter adjudge liable for the burning or destruction of said property, and hereby authorize and empower the said Hartford Fire Insurance Company to sue, compromise, or settle in my name or otherwise to the extent of the money paid as aforesaid; and it is hereby fully substituted in my stead and subrogated to all my rights in the premises. It being expressly stipulated that any action taken by said company shall be without cost or charge to me." The defendant filed a demurrer to the petition, and upon a hearing thereof the justice of the peace passed the following order: "It is considered, ordered, and adjudged

that the demurrer be and is hereby sustained, and the petition in said case as amended is hereby dismissed at plaintiff's cost." The Hartford Fire Insurance Company applied for a writ of certiorari, and when the petition was presented to the judge of the Flynt circuit, Hon. W. E. H. Searcy Jr., he entered on the petition the following order: "It appearing affirmatively from the petition and exhibits filed in the justice court, and to which a demurrer was there interposed, that the property alleged to have been destroyed by fire was insured against loss or damage from fire while contained in a certain concrete warehouse of the Williamson Gin Company, and, further, that at the time of its destruction by fire it was not contained in said warehouse, but was on a platform formerly owned by the gin company and built and being adjacent to and along side the tracks of the defendant, the director-general of railways, it follows therefore that the justice of the peace presiding in the court below properly sustained the general demurrer. Wherefore sanction of the within petition for the writ of certiorari is withheld and refused."

The judge properly refused to sanction the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*