13246.   HARTFORD FIRE INSURANCE COMPANY *v.* DAVIS, director-general.
</div>

1. Where property actually, covered by a policy of fire insurance is destroyed, the insurer, when settling with the insured for the loss; may, as a consideration for the settlement, take an assignment of the insured's right of action in tort against another for the destruction of the property, thereby subrogating the insurer to the right of the insured to recover for the loss.

2. Since such a right of action in the insured involves a right of property, it is assignable.

3. *Hartford Fire Ins. Co.* v. *Payne,* 28 *Ga. App.* 655, distinguished.

<div align="center">

DECIDED MARCH 3, 1923.
</div>

Action for damages; from city court of Zebulon — Judge Dupree. December 12, 1921.

*Cumming & Maddox,* for plaintiff.

*Battle & Arnold,* for defendant.

STEPHENS, J.   1.   An assignment which describes the right of action assigned as a claim in a named amount which the assignor has against some indefinite person or corporation for causing on a named date the destruction by fire, by sparks from a locomotive engine, of " cotton in bales while contained in Williamson Gin & Warehouse Co.'s concrete warehouse, Williamson, Ga.," which had been insured in a named amount under a contract of insurance between the assignee (an insurance company) and the assignor under a policy of a certain number, a copy of which insurance policy is attached to the assignment and in which the cotton is described as " cotton in bales . . while contained in Williamson Gin & Warehouse Co.'s concrete warehouse, Williamson, Georgia," which policy contains an indorsement thereon reciting that " this

policy is hereby changed to cover cotton in any warehouse, street or platform in Williamson, Georgia," and which assignment recites that it was assigned by the assignor to the assignee in consideration of the settlement of a claim for loss by fire which the assignor had against the assignee arising under the policy, is an assignment of the assignor's right of action for the destruction in the manner indicated in the assignment of cotton while located on a platform anywhere in Williamson, Georgia, as covered by the policy of insurance.   Since the policy of insurance covers cotton so located on a platform, the assignment amounts to an agreement by which the assignee insurance company is, in consideration of having paid a claim to the insured arising under the policy, subrogated to the rights of the insured to collect against a tort-feasor for the destruction of the property by fire against which he is insured.

A petition by the assignee as plaintiff in a suit against a certain railroad company to recover for the destruction of cotton by fire, which recites the assignment and which alleges that the cotton destroyed was formerly the property of the assignor and was destroyed by fire on a certain named date, the date named being the same as that named in the assignment as the date upon which the cotton there described was destroyed, and which alleges that the cotton for the loss of which the plaintiff seeks to recover was " cotton in bales located on the platform formerly owned and controlled by the Williamson Gin & Warehouse Co., at Williamson, said State and county," sufficiently describes the cause of action assigned.   The petition is therefore not subject to demurrer upon the ground that the cotton described in the petition is not the cotton described in the assignment.

2.   Since a right of action in tort against a railroad company for negligently setting fire to cotton involves a right of property, it is assignable. *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124).

3.   This case is distinguishable from *Hartford Fire Ins. Co.* v. *Payne,* 28 *Ga. App.* 655 (supra), in that the insurance policy in this case covered cotton on a platform in Williamson, Georgia, while in that case " the property alleged to have been destroyed by fire was insured against loss or damages from fire while contained in a certain concrete warehouse of the Williamson Gin & Warehouse Co."

The petition, otherwise alleging a negligent burning of the cotton by the defendant, and also the value of the cotton, set out a cause of action, and was erroneously dismissed on demurrer.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*