31165.   HOXIE *v.* AMERICUS AUTOMOBILE COMPANY.

DECIDED APRIL 11, 1946.

*R. L. Maynard, Brandon, Matthews, Long & Nall,* for plaintiff. *Dykes & Dykes,* for defendant.

PARKER, J. ■ The motion to dismiss recites that the decision of the trial court sustaining the special plea in bar is dated November 23, and the bill of exceptions was presented to the court on December 18, 1945, more than 20 days thereafter; and that a special plea in bar is an extraordinary remedy within the meaning of the Code, § 6-903, so that a bill of exceptions complaining of a ruling thereon must be tendered within 20 days from the rendering of the decision. We do not think that a special plea in bar filed in an action at law is an extraordinary remedy within the purview of the statutes. Even if such a plea may be termed a remedy, although asserted defensively, it is purely legal and is in no sense an equitable defense. Extraordinary remedies as con-

templated by the section of the Code referred to would seem to have reference to equitable proceedings or defenses. This conclusion is supported by the Code, §§ 37-904, 37-906, and 37-907, all of which relate to extraordinary remedies in aid of a suit or a defense, providing how such remedies may be obtained by proper pleadings and proceedings in equity. We are cited no authority holding that a special plea in bar in a legal action is an extraordinary remedy, under the rules of pleading and practice in this State, and the motion to dismiss the bill of exceptions is denied.

■ "A right of action is assignable if it involves, directly or indirectly, a right of property." Code, § 85-1805; *Benjamin-Ozburn Co.* v. *Morrow Transfer &c. Co.,* 13 *Ga. App.* 636 (79 S. E. 753); *Beasley* v. *Central of Georgia Ry. Co.,* 29 *Ga. App.* 584 (116 S. E. 227); *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124). "Where property actually covered by a policy of fire insurance is destroyed, the insurer, when settling with the insured for the loss, may, as a consideration for the settlement, take an assignment of the insured's right of action in tort against another for the destruction of the property, thereby subrogating the insurer to the right of the insured to recover for the loss." *Hartford Fire Ins. Co.* v. *Davis,* 29 *Ga. App.* 797 (116 S. E. 647). Where it appeared from the allegations of the petition that the title to the chose in action sued on was not in the plaintiff at the time of the filing of the suit, but was in another, or the plaintiff's assignee, the suit could not be maintained by the plaintiff, and the demurrer to the petition, upon the ground that it appeared therefrom that the plaintiff had no title to the chose in action, was properly sustained. *Virginia-Carolina Chem. Co.* v. *Rachaels,* 41 *Ga. App.* 221 (152 S. E. 308).

The evidence offered in support of the plea in bar in this case showed that before the filing of the suit by the plaintiff she had accepted $540 from the insurance company, in addition to the $150 received from the sale of the burned truck as its salvage value, in full satisfaction and discharge of all her claims for loss and damage to the truck; and that she had transferred and assigned in a subrogation agreement all of her claims and demands to the insurance company. The trial court was, therefore, authorized to find that the so-called loan receipt was not a novation of the assignment and subrogation agreement, and that the plaintiff

had no right to maintain the action. Under the principles of law stated in the cases cited, and the facts shown by the evidence, the finding in favor of the plea in bar, and the judgment sustaining it, were correct. The case of *McCann* v. *Dixie Lake & Realty Co.*, 44 *Ga. App.* 700 (162 S. E. 869), relied on by the plaintiff in error, is easily distinguishable on its facts from the case at bar, and the ruling therein does not require a different holding in this case. The other cases cited by the plaintiff in error are not applicable to the instant case.

There being a dissent, this case was considered by the entire court under the act of March 8, 1945.

*Judgment affirmed. All the Judges concur except*

FELTON, J., dissenting. This is a case based entirely on uncontradicted, circumstantial evidence. The burden of proof was on the defendant to show that the right to institute an action was not in the plaintiff when the suit was filed, or in other words, to show that the insurance company had accepted the assignment of the cause of action. This I think the defendant failed to do. The proof of loss was not dated. The assignment of the cause of action appears on the back of the sheet of paper which contains the proof of loss, and the assignment is dated November 1, 1941. The proof of loss provides: "It is expressly understood and agreed that the furnishing of this 'Proof of Loss' blank to the assured, or assistance in making up of proof by an adjuster or any person otherwise an agent of the General America Companies, is an act of courtesy, and is not a waiver of any of the rights of said General Insurance Company of America, and further that this 'Proof of Loss' blank, when delivered to an agent, adjuster, or other person representing the General Insurance Company of America, is accepted by the said person only for transfer to the Home Office of the General America Companies, Seattle, for its approval." The draft in payment of the claim is dated November 3, 1941. The receipt given for the draft is not dated. This receipt contains the loan agreement and the agreement of the insured to prosecute the claim in her own name. I think that this court should approach the solution of the question involved by assuming that there were two actions filed at the same time, one in the name of the insurance company and one in the name of the insured, or owner of the automobile, and that the question as to

which suit was authorized is before us on the evidence above shown. The evidence is circumstantial. Both actions are not maintainable. What does logic and reason dictate with reference to the intention of the parties? The proof of loss had to go to Seattle, Washington, for approval. Therefore no agent could accept the assignment based on the proof of loss on November 3, before the blank could reach Seattle. I think that the correct and logical inference is that the proof-of-loss blank was not sent to Seattle, or that while it was on its way the money was paid to the insured. It is a fair inference, and the most logical one, that the receipt for the payment of the loss was given at the same time the payment was made. I think it, therefore, inescapable that the parties intended to ignore the assignment and to act under the loan agreement, for which there was a present consideration. The assignment was a mere proposal by the insured to the company. The loan agreement executed before the assignment could reach the home office is to my mind conclusive that the assignment was not accepted. The two papers are utterly inconsistent. I think that the trial court's error lies in the fact that it assumed that the assignment had been accepted and become binding before the loan agreement was executed. If that fact had been true, I would agree with the trial judge. I think that the owner of the automobile had the right, under the facts, to sue in her own name, and that an action by the insurance company in its name would have had to be dismissed.