43415.   KURTZ v. PARKER PLUMBING &
HEATING COMPANY.

ARGUED FEBRUARY 5, 1968—DECIDED JUNE 13, 1968—
REHEARING DENIED JULY 2, 1968—

Woodruff, Savell, Lane & Williams, Lawson A. Cox, for appellant.

Hurt, Hill & Richardson, James C. Hill, Bonneau Ansley, Jr., for appellee.

FELTON, Chief Judge.   The appeal in this case is from the court's judgment granting defendant's motion for a summary judgment.   The theory on which the court granted the motion is that the cause of action had been assigned to the Northern Insurance Company and that this action instituted by the insurance company, for its use, in the name of the owner of the property insured under a fire insurance policy, allegedly damaged by fire by reason of the alleged negligence of the defendant, was not maintainable due to the alleged assignment of the cause of action to the insurance company before the filing of the action.

1.   We think that the court erred in granting the defendant's motion for a summary judgment.   The trial judge evidently based his ruling on a two-judge case, that of Keene v. Lumbermen's Mut. Ins. Co., 60 Ga. App. 864 (5 SE2d 379).   We do not agree with the ruling in that case and refuse to follow it. But assuming only for the sake of argument that the ruling in the above case is correct, the subrogation clause in the instant case is fuller and more elaborate than in the Keene case, and, when considered as a whole, is susceptible to but one construction and that is that the intention of the insured in this was not to assign his cause of action but to grant to the insurance company the right to be subrogated to the insured-owner's rights

in the premises. The subrogation agreement in this case is as follows: "Received of the Northern Insurance Company, the sum of Twelve-Thousand Seven Hundred Seventy Three Dollars and Sixty Seven Cents (12,773.67) in full settlement of all claims and demands of the undersigned for loss and damage by *fire* occurring on the *24th* day of *January, 1963,* to the property described in Policy No. H 277770 issued through the Decatur, Georgia agency of said company.

"In consideration of and to the extent of said payment the undersigned hereby subrogates said insurance company, *to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above,* and authorizes the said insurance company to sue, compromise or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.

"Warranted no settlement has been made by the undersigned with any person or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and that no such settlement will be made nor release given by the undersigned without the written consent of the said insurance company and the undersigned covenants and agrees to cooperate fully with said insurance company in the prosecution of such claims, and to procure and furnish all papers and documents necessary in such proceedings and to attend court and testify if the insurance company deems such to be necessary *but it is understood the undersigned is to be saved harmless from costs in such proceedings.* (Signed) Dr. J. L. Kurtz." If an assignment had been intended, most of the provisions of the agreement would have been surplusage and wholly irrelevant. For instance, no authority for the insurer to sue in the name of the insured would be necessary if an assignment had been intended; indeed such authority could not be utilized because if an assignment of the cause of action had been intended, the authority to sue in the insured's name could not have been intended. What

132

we have ruled seems to be so clear that we think further reasoning is unnecessary.

The court erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*