Memorandum. Order affirmed without costs.
The complaint in this action seeks to recover from the defendant the additional amount plaintiff paid to its insured to correct the alleged defective repair work performed by defendant on the insured’s automobile.
Plaintiff issued a collision policy containing the customary clause subrogating the company to the insured’s right of action against a tort-feasor who causes damage or loss for which the company is obligated to reimburse the policyholder. The insured sustained property damage to his car and had the defendant perform the repair work. Plaintiff paid the claim, and the insured brought his vehicle to another shop to have defendant’s alleged improper repairs corrected. Plaintiff also reimbursed the insured for the additional work and commenced this action as subrogee to recover the last payment from defendant.
On the motion to dismiss the complaint, defendant claimed plaintiff’s subrogation rights under its policy only provide a remedy against the tort-feasor causing the damage to the insured’s car, and that its contractual agreement with the policyholder does not entitle it to be subrogated to any right of action the insured may have against defendant arising from a breach of contract to repair the car properly.
The plaintiffs right of subrogation clearly cannot be based on the usual subrogation clause contained in its policy. It does *135 not follow, however, that plaintiff, in reimbursing its insured for the loss occasioned by defendant’s alleged failure to repair the insured’s vehicle in a workmanlike manner, was a mere volunteer who discharged defendant’s obligation without recourse.
A party is not acting as a volunteer in discharging another’s obligation when he does so under compulsion (57 NY Jur, Subrogation, § 10) or when he acts under a mistake of fact or law (57 NY Jur, Subrogation, § 13). Without deciding whether or not the carrier’s policy obligated it to pay twice for the same loss, the second payment might well have been made on the theory that the damage caused by defendant flowed directly from the initial collision in much the same way as an initial tort-feasor is responsible for subsequent injury caused by a physician who treats an injured person. In Pittsburgh-Westmoreland Coal Co. v Kerr (220 NY 137, 143) the court said: "The right of subrogation or of equitable assignment is not founded upon contract nor upon the absence of contract, but is founded upon the facts and circumstances of a particular case and upon principles of natural justice, and generally where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in place of a creditor such person will be so substituted. (Crippen v Chappel, 35 Kansas, 495.)” Under the circumstances of this case, plaintiff’s right of subrogation should not be defeated on the basis it acted as a mere volunteer or that it is relegated solely to its remedy provided under its policy. The complaint was therefore properly upheld.
Concur: Hogan, P. J., Pittoni and Farley, JJ.