## 52327. GENERAL INSURANCE COMPANY OF AMERICA v. BOWERS.

WEBB, Judge.

Bowers rented a portion of a building to Hinson Galleries, Inc., to be used as a warehouse. Under Paragraph 5 of the rental agreement Bowers agreed "to keep and maintain the roof, flooring, walls of said building, in a good state of repair, and also said existing sprinkler system in a good state of repair, except for injury or damage to said sprinkler system caused by the negligence of Hinson Galleries, Inc. or its employees, agents or representatives. . ." A fire originating in a garage annexed to the warehouse spread to the rest of the building. The fire activated the fuses of the sprinkler heads in the warehouse but no water came out, it being subsequently determined that both an inside and an outside valve had been cut off.

Hinson Galleries brought suit against Bowers alleging wilful negligence in failing to maintain the sprinkler system in good repair and proper working order. Bowers filed a motion to dismiss and plea in bar, and after considering the evidence and hearing argument of counsel the court determined that Hinson Galleries had been insured by General Insurance Company, and had received payment for its property damage and assigned its cause of action to the insurer. Hinson Galleries' motion to substitute General Insurance as party plaintiff pursuant to Code Ann. § 81A-117 (a) was granted, Bowers' motion to dismiss was overruled and Hinson Galleries was dismissed as a party to the action. The case proceeded to trial before a jury. At the close of the evidence the court directed a verdict in favor of Bowers, and General Insurance appeals.

1. In directing the verdict in favor of Bowers the trial judge ruled that since there was no proof that any of the sprinkler parts were deficient, or that Bowers had notice or should have known of any defect in the system, the plaintiff, as a matter of law, was not entitled to recover. We do not agree.

There was testimony that Bowers had disconnected part of the inside sprinkler system; that he had painted

over and replaced valves on prior occasions; that he rented the garage adjacent to the warehouse, where the fire originated, knowing it was to be used as a workshop for racing cars with welding equipment; and that he had not installed protective devices on outside valves to insure against the cut off of the water supply to the sprinkler system. It was not established whether the alarm system, which was designed to be triggered by too high or too low water pressure, was operative at the time of the fire and there was no evidence that the alarm ever sounded.

We conclude that the evidence presented questions of notice, upkeep and maintenance of the sprinkler system as intended by the terms of the rental agreement, and negligent repair by the landlord, which should properly have been passed on by a jury. "A verdict may be directed only when 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' Code Ann. § 81A-150 (a); [Cits.]" *Wright v. Lovett,* 132 Ga. App. 729, 730 (1) (209 SE2d 15).

2. General Insurance argues that the trial judge erred in requiring the action to be brought in the name of the insurance carrier by holding that Hinson Galleries had assigned its interest in the litigation.

There appears in the record a draft duly accepted by Hinson Galleries for $130,271.18 dated December 15, 1969, reciting that it was "In full settlement of any and all claims." There are also a sworn proof of loss, showing a loss in the exact amount of the draft, and a loan receipt, both dated December 19, 1969. The language in the proof of loss form[1] clearly assigns to the insurer Hinson Galleries' rights of recovery for the fire loss. *Kurtz v. Parker Plumbing &c. Co.,* 118 Ga. App. 130 (162 SE2d

---

[1] "In consideration of the payment of this sum, I/we hereby subrogate the company, to the amount of such payment, to all my/our rights of recovery for such loss or expense and I/we further agree, upon demand, to execute all documents required of me/us and to cooperate with said company in prosecuting all actions to effect such recovery, and the company is hereby authorized to commence and prosecute any necessary action or

'755), revd. in 225 Ga. 31 (165 SE2d 729). However, the loan receipt fits squarely into the cases holding that such a document preserves the right of action in the insured, which may bring suit in its own name under Code Ann. § 81A-117 (a). E. g., *McCann v. Dixie Lake &c. Co.*, 44 Ga. App. 700 (162 SE 869); *Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga. App. 825 (212 SE2d 638). Thus these two documents, both prepared by the insurance company, contain irreconcilable and conflicting language, and each would produce a different result.

The issue, however, has previously been decided adversely to General Insurance by this court in *Hoxie v. Americus Auto. Co.*, 73 Ga. App. 686 (37 SE2d 808), upon facts so similar as to be controlling here. There, the insured, Mrs. Hoxie, made a proof of loss and executed a subrogation agreement on November 1, 1941, transferring all claims arising from fire damage to her truck to the insurer (also General Insurance Company of America). On November 3, the insurer delivered a check to the insured "in full satisfaction and discharge of all claims. . ." Shortly thereafter, the date not appearing in the record, Mrs. Hoxie signed a loan receipt to the insurer. The trial court dismissed Mrs. Hoxie's suit, holding that the last executed document, the loan receipt, was not a novation of the prior executed assignment and subrogation agreement since she had as a matter of law divested herself of all right to bring and maintain the action.

This court affirmed, stating that "The evidence offered in support of the plea in bar in this case showed that before the filing of the suit by the plaintiff she had accepted $540 from the insurance company, in addition to the $150 received from the sale of the burned truck as its salvage value, in full satisfaction and discharge of all her claims for loss and damage to the truck; and that she had transferred and assigned in a subrogation agreement all

---

proceedings in my name, or in its own, or in the name of any person or persons to whom it may assign its claim hereunder, for the purpose of effecting collection of the amount above mentioned."

of her claims and demands to the insurance company. The trial court was, therefore, authorized to find that the so-called loan receipt was not a novation of the assignment and subrogation agreement, and that the plaintiff had no right to maintain the action." *Hoxie v. Americus Auto. Co.,* 73 Ga. App. 688, supra.

We consider the draft dated December 15, 1969, with its accompanying language, to be sufficient to extinguish the right of the payee Hinson Galleries to maintain the cause of action. Thus, even though General Insurance for reasons not readily apparent to us subsequently procured a loan receipt in addition to the subrogation agreement on the proof of loss form, it was a nullity since Hinson Galleries had already divested itself of its cause of action. The trial court correctly ruled that General Insurance was the real party in interest.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Quillian, J., concur.*

Argued May 24, 1976 — Decided July 13, 1976 — Rehearing denied July 23, 1976 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Henson, Stapleton & Cheves, Kenneth M. Henson, Cecil M. Cheves,* for appellant.

*Kelly, Champion, Denney & Pease, S. E. Kelly,* for appellee.