appellees.

## 53122. HARRELL v. CARLTON.

DEEN, Presiding Judge.

James Harrell sued Carlton for property damage to an airplane owned by the plaintiff and rented by the defendant. The complaint recited that since the date of the air crash the defendant had paid him $250 property damage and owed a balance of $1,358.90. The defendant moved for summary judgment. On the motion hearing the following was established: The crash took place December 9, 1973. On December 26 Harrell's attorney wrote the defendant that the actual damage to the aircraft, less the $250 deductible and two other items, had been paid by the insurance and that "Mr. Harrell is calling upon you for the payment of $425" so that the matter might be taken care of. Carlton then sent Harrell the check in the amount demanded, by check dated December 27 stating "For full settlement — damages due for airplane accident: deductible & loss of use." On December 28 Harrell executed a "Release and Subrogation Receipt to National Indemnity Co. reciting a consideration of $1,358.90 in full payment, release and discharge of all claims and demands of the undersigned against said company," and that, in consideration of such payment, the insured "hereby subrogates said company to all of the rights, claims and interest which the undersigned may have against any party, person [etc.] and authorizes the said Company to sue, compromise or settle in the undersigned's name or otherwise."

On February 12, 1974, Harrell's attorney again wrote Carlton making a claim against him for the $1,358.90. On refusal he filed suit in the name of Harrell for this amount. However, at the time of hearing oral testimony was offered, and Harrell testified that he had been fully compensated for his loss. Summary judgment was granted to the defendant and plaintiff appeals. *Held:*

We affirm. In the first place, one can be compensated but once for damage inflicted, and it is obvious that

Harrell has in fact received the maximum sum to which he is entitled. The right of action, if any existed, would have been in the insurer under the subrogation agreement. Such an agreement is an assignment of the cause of action, and must be brought in the name of the assignee. *Parker Plumbing &c. Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729).[1] See also *General Ins. Co. of America v. Bowers,* 139 Ga. App. 416 (228 SE2d 348), pointing out the distinction between an assignment and a loan receipt. The insurer was the only possible party plaintiff at interest in this action, and no motion to substitute parties was made.

We further agree with the rationale on which the trial court granted the summary judgment motion. The original check was demanded on the theory that it was the total amount owing by the defendant to the plaintiff, and that sum was demanded and paid *before any attempt to assign the right of action to the insurer.* A right of action for property damage, as the trial court observed, can no more be demanded and settled piecemeal than "the law would permit one to settle for the hubcaps and sue for the fenders." See also *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357 (25 SE2d 526); *Clark v. American Cas. Co.,* 96 Ga. App. 328 (99 SE2d 897).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 5, 1977 — DECIDED JANUARY 18, 1977.

*William D. Harrell,* for appellant.
*Conger & Conger, J. Willis Conger,* for appellee.

---

[1] For a comparison of the subrogation agreements involved in these cases, see 118 Ga. App. 130, 131, reversed on certiorari.