AETNA CASUALTY AND SURETY COMPANY, AMERICAN CASUALTY COMPANY, BUCKEYE UNION INSURANCE COMPANY, CENTENNIAL INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY, GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, GREAT AMERICAN INSURANCE COMPANY, GULF INSURANCE COMPANY, HOME INSURANCE COMPANY, HOOSIER INSURANCE COMPANY, INDIANA INSURANCE COMPANY AND U.S. FIDELITY AND GUARANTY COMPANY *v.* DAVID KATZ, GOUGH CONSTRUCTION COMPANY, INC., J.D. ROCCO COMPANY, SHAMROCK ENGINEERING COMPANY AND LYNCH SIGNS, INC.

[No. 3-676A158. Filed July 3, 1978. Rehearing denied August 24, 1978.]

*Michael L. Muenich, Hand, Muenich & Rodovich*, of Hammond, for appellants.

*John E. Hughes, Hoeppner, Wagner & Evans,* of Valparaiso, *Winfield L. Houran, Clifford, Houran, Hiller & Sullivan,* of Valparaiso, for appellee.

STATON, J.—A large sign, canopy, and parapet wall of the Wiseway Superfood Center building in Crown Point, Indiana were damaged during unusually high winds. The building was insured for windstorm damage with the Aetna Casualty and Surety Company. After making an inspection of the damaged building, Aetna promptly paid $25,384.93 to its insured. Later, Aetna concluded that the damage to the building was due to faulty and improper design and that the designers and contractors of the building were primarily obligated to pay for the damage. Aetna brought this action against the designers and contractor to recover the amount paid to its insured.

J.D. Rocco Company, an iron and metal contractor, filed a motion for summary judgment which was granted by the trial court ". . . for the reason that said plaintiffs were obligated to pay only for loss caused by perils of windstorm and not for damage resulting from negligence, willful, wanton or reckless misconduct, or breach of implied warranty." The trial court concluded that ". . . no right of subrogation existed in plaintiffs against the defendant, J.D. Rocco Company, for negligent construction, willful, wanton and/or reckless misconduct, or breach of implied warranty. . . ."

Aetna brings this appeal to review the conclusion of law relied upon by the trial court when it granted summary judgment. The issue for our review is:

> If the apparent cause of damage is later discovered not to be the actual cause of damage, is the insurer who has paid the claim of the insured based upon the apparent cause, precluded from subrogation because the actual cause is not covered by the insurance policy?

After reviewing the conclusion of law relied upon by the trial court when it granted summary judgment and the above issue, we conclude that the insurer does have the right of subrogation, and we reverse.

When the trial court granted summary judgment, it treated Aetna as a volunteer. It reasoned that Aetna had no legal obligation to pay

the claim under its contract of insurance. Therefore, if Aetna had no legal obligation to pay the claim, it stood in the shoe of a volunteer and had no subrogation right to bring the action. As our Indiana Supreme Court stated in *Home Owners' Loan Corp. v. Hensen* (1940), 217 Ind. 554, 29 N.E.2d 873, at 875: "The right of subrogation is not founded upon contract, expressed or implied, but upon principals of equity and justice, and include every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which, in good conscience, should have been paid by the latter." Aetna did not become a volunteer simply because the actual cause of the damage was not covered by its contract of insurance.

Where the circumstances would lead a reasonable man to conclude that the damage was apparently caused by an incident covered by the provisions of an insurance contract, there is no need for the insurer to delay the payment of the claim for damages until all possibilities of becoming a volunteer are exhausted. *Kramer v. American Fidelity & Cas. Co.* (D.C. 1960), 165 A.2d 924; *Ragan v. Kelly* (1942), 180 Md. 324, 24 A.2d 289; *State Farm Mutual Ins. Co. v. Doe* (1975), 82 Misc.2d 133, 370 N.Y.S.2d 330; *Western Casualty & Surety Co. v. Milwaukee General Constr. Co.* (1933), 213 Wis. 302, 251 N.W. 491. (*Also see: Hartford Fire Ins. Co. v. Payne* (1922), 28 Ga.App. 655, 112 S.E. 736; *Old Colony Ins. Co. v. Kansas Public Service Co.* (1942), 154 Kan. 643, 121 P.2d 193; *Scandinavian Mutual Ins. Co. v. C. B. and Q. Ry. Co.* (1920), 104 Neb. 258, 177 N.W. 178.)

The damage occurred to the Wiseway Superfood Center building during unusually high winds, and apparently, the unusually high winds were the cause of the damage. Wiseway Superfood Center had purchased an insurance contract which covered damage caused by windstorms. Aetna, the insurance carrier, paid the damage claim promptly after viewing and inspecting the premises. After further investigation, it appeared that the actual cause of the damage was faulty design and construction and that the designers and contractors were "in good conscience" primarily liable for the damages. In answer to interrogatories, J. D. Rocco stated that:

"ANSWER:   It is assumed that the collapse of the wall was caused by improper design and construction coupled with a high wind."

Gough Construction Company, another defendant with J. D. Rocco in the action filed by Aetna, answered a similar interrogatory in substantially the same way:

> "State specifically and in detail the reason that the portions of the structure on the premises and the advertising sign collapsed and fell down on April 7, 1968?
>
> "ANSWER: Improper and faculty design and extremely high winds on the day of accident."

Aetna was not an "officious intermeddler" or volunteer. It had an apparent legal obligation to pay the claim of its insured which appeared to be reasonable under the circumstances and information available.

The expeditious settlement of claims and disputes is a policy which has been favored in the law for centuries. The inability to be absolutely certain as to primary liability is the cornerstone for the subrogation principle developed in the law of equity. Therefore, the summary judgment of the trial court is reversed.

Buchanan, C.J., (by designation), Concurs;

Garrard, P.J., Concurs.

NOTE—Reported at 377 N.E.2d 678.