## 56814. BRYANT v. ATLANTA GAS LIGHT COMPANY.

SMITH, Judge.

We affirm the trial court's grant of Atlanta Gas Light's motion for directed verdict.

On June 7, 1974, a plumber doing backhoe work for appellant, Mrs. Bryant, struck a gas line located in her yard and caused an explosion in her house. On October 15, 1974, appellant executed a sworn statement in proof of loss, pursuant to which her insurer, Nationwide Mutual Fire Insurance Company, paid her in full for the sustained damages. The proof of loss also stipulated: "In consideration of any payment made pursuant to this proof the undersigned hereby assigns and transfers to the Nationwide Mutual Fire Insurance Company and agrees that said Company is subrogated to each and all claims and demands against any persons, firms or corporation arising from or connected with such loss or damage to the extent of the amount of such payment. The undersigned agrees he will assist the Company in the prosecution of such claims and will execute any and all papers necessary in effecting recovery."

Later, in December, 1974, appellant filed her initial suit, against Atlanta Gas Light and George W. Huff, d/b/a Advance Plumbing Company. That case came to trial on September 22, 1976, and appellant voluntarily dismissed it. Following that dismissal Nationwide and appellant on October 18, 1976, executed a document entitled "Loan Receipt," purportedly covering the amounts it had paid her two years before. On October 20, 1976, appellant and Nationwide executed a document "reassigning" to appellant any cause of action arising out of the explosion, in consideration of her agreement to repay the "loans" out of any recovery she obtained. Finally, on December 14, 1976, appellant brought this action against Atlanta Gas

Light alone. The trial court granted Atlanta Gas Light's motion for directed verdict, and, finding that appellant had no cause of action and was not the real party at interest, we affirm.

1. The evidence, including appellant's testimony, established as a matter of law that, in 1974 pursuant to the proof of loss assigning her claim to the insurance company, Nationwide paid appellant in full for the damages sustained upon the explosion. "[T]he so-called loan receipt was not a novation of the assignment and subrogation agreement, and . . . the plaintiff had no right to maintain the action." *Hoxie v. Americus Auto. Co.,* 73 Ga. App. 686, 688-689 (37 SE2d 808) (1946). In a case likewise apposite to the instant facts, in which a plaintiff-insured executed a subrogation agreement upon being paid in full by the insurer, who later procured a loan receipt, this court held: "We consider the draft dated December 15, 1969, with its accompanying language, to be sufficient to extinguish the right of the payee [the plaintiff-insured] to maintain the cause of action. Thus, even though General Insurance for reasons not readily apparent to us subsequently procured a loan receipt in addition to the subrogation agreement on the proof of loss form, it was a nullity since [the plaintiff-insured] had already divested itself of its cause of action. The trial court correctly ruled that General Insurance was the real party in interest." *General Ins. Co. of America v. Bowers,* 139 Ga. App. 416, 419 (228 SE2d 348) (1976).

The "loan receipt" here involved was a sham, as no loan was made; furthermore, Nationwide's "re-assignment" of the cause of action to appellant was void, as it lacked consideration. *Ramsey-Fender Motor Co. v. Chapman,* 46 Ga. App. 385 (168 SE 92) (1932). "[O]ne can be compensated but once for damage inflicted, and it is obvious that Harrell has in fact recovered the maximum sum to which he is entitled. The right of action, if any existed, would have been in the insurer under the subrogation agreement . . . The insurer was the only possible party plaintiff . . . in this action, and no motion to substitute parties was made." *Harrell v. Carlton,* 141 Ga. App. 41 (232 SE2d 384) (1977).

2. Contrary to appellant's opinion, since she had no

"' right under the pleadings and evidence to recover general, nominal, or special damages,'" she possessed no right of action for punitive damages. *Goodwin v. Candace, Inc.*, 92 Ga. App. 438, 441 (88 SE2d 723) (1955).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Argued November 13, 1978 — Decided February 22, 1979.

*Russell L. Adkins, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, G. Lee Garrett, Jr.,* for appellee.