A92A0243. HOME INSURANCE COMPANY et al. v.
CATERPILLAR, INC. et al.
(414 SE2d 735)

McMurray, Presiding Judge.

The Home Insurance Company and Fireman's Fund Insurance Companies, plaintiffs, brought suit against Caterpillar, Inc. ("Caterpillar") and Carlton Company ("Carlton") in the State Court of Chatham County. They alleged that they insured the personal property of M. C. Anderson Construction Company ("Anderson"); that Anderson purchased a 963 Track-Type Front End Loader from defendant Carlton, an authorized Caterpillar dealer; and that the loader was "designed, manufactured and distributed" by defendant Caterpillar.

The plaintiffs also alleged that, while the loader was being used on a construction project, it sustained severe damage when a fire erupted in the engine compartment; that, pursuant to the insurance policy issued by plaintiffs to Anderson, the plaintiffs paid Anderson $90,053.97 for its loss; and that defendants were liable to plaintiffs for that amount.

The complaint was couched in five counts. In each count, plaintiffs sought a recovery based upon a different legal theory, to wit: negligence, breach of express warranties, breach of an implied warranty of merchantability, breach of an implied warranty of fitness for a particular use and breach of contract. Defendants answered the complaint, denying they were liable to plaintiffs. Thereafter, in piecemeal fashion, summary judgment was entered in favor of defendant Caterpillar with respect to each count of the complaint and plaintiffs dismissed their claims against defendant Carlton with prejudice. Plaintiffs appeal from the last order of the state court awarding summary judgment to defendant Caterpillar on the negligence count. *Held*:

Plaintiffs contend the trial court erred in granting defendant Caterpillar's motion for summary judgment on the negligence count because a jury question exists as to whether defendant Caterpillar negligently manufactured or designed the loader. In this connection, plaintiffs point to the deposition testimony of their expert, John J. Lentini.

Lentini examined the loader four days after it caught on fire. He determined that the fire probably started in the wiring harness as a result of an inherent defect in the loader, to wit: insulation failure. He also concluded that the location of the wiring harness was well inside the loader and was not within an area that would have been serviceable by the operator of the loader. But he could offer no opinion as to the cause of the defect.

In our view, Lentini's conclusions establish the existence of an inherent defect in the loader, nothing more. They do not demonstrate that the defect was the result of any negligence on the part of defendant Caterpillar. A defect in a machine can arise for any number of reasons. This is not a case of "clear and palpable" negligence. The mere fact that the loader had an "inherent defect" does not demonstrate negligence on the part of defendant Caterpillar. See generally *H. Elton Thompson & Assoc., P.C. v. Williams*, 164 Ga. App. 571, 573 (298 SE2d 539) (defects in implementation of erosion control plan not necessarily result of negligence on the part of the architect).

Relying upon *Firestone Tire & Rubber Co. v. King*, 145 Ga. App. 840 (244 SE2d 905), plaintiffs argue they do not need to demonstrate how the defect occurred. Plaintiffs' reliance upon *Firestone* is misplaced. That was a strict liability case, not a negligence case. If we were to apply *Firestone* in a negligence case, we would be doing away

with the need to prove negligence. That we cannot do.

The record is devoid of evidence supporting plaintiffs' claim of negligence on the part of defendant Caterpillar. *Munna v. Lewis*, 181 Ga. App. 860, 863 (2) (354 SE2d 181). It follows that the trial court did not err in granting defendant Caterpillar's motion for summary judgment.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992.

*Hudson, Galloway & Vaughan, William T. Hudson, Jr., C. Manson Nelson, Jr.*, for appellants.

*Karsman, Brooks & Callaway, Dana F. Braun, Hunter, Maclean, Exley & Dunn, Therese F. Pindar, Robert S. Glenn, Jr.*, for appellees.