A93A0430. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. J. I. CASE COMPANY.
(432 SE2d 654)

COOPER, Judge.

In 1988, appellant Robert C. Collins purchased a tractor manufactured by appellee for use on his cotton farm. The tractor was destroyed when it caught fire six months later. According to expert testimony presented at trial, the fire was caused either by an electrical problem in the fuse panel of the tractor or by debris which had accumulated around the heat shield on the exhaust pipe. The tractor was

insured under a policy which was issued by appellant United States Fidelity & Guaranty Company (hereinafter "USF&G") to the B. G. Collins Estate, John C. Land and Robert C. Collins d/b/a Burke Farm Management Service, Inc. (hereinafter "Burke"). Collins submitted a claim to USF&G for the loss, which USF&G paid by check to Burke in the amount of $63,411.28. Collins testified that he received a loan receipt which he signed on behalf of Burke, but this document does not appear in the record.

On February 7, 1990, Burke filed a lawsuit against appellee seeking damages on the theories of strict liability and negligence. Although the policy itself is absent from the record on appeal, the trial transcript reveals that the policy contained the following provision: "If any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us to the extent of our payment." After appellee asserted in its responsive pleadings that this provision made USF&G the real party in interest and it was ascertained during discovery that the tractor had been purchased in the name of Collins, the case proceeded to trial with both USF&G and Collins as the named plaintiffs. The jury returned a verdict against appellee in the amount of $64,411.28 and judgment was entered accordingly. Appellee filed a motion for new trial or, in the alternative, a motion for j.n.o.v. This appeal is from the grant of appellee's motion for j.n.o.v. Appellants enumerate as error the trial court's grant of j.n.o.v. on the ground that the evidence clearly supported the jury's verdict.

1. Appellants contend the trial court erred in concluding that USF&G was the real party in interest because there was no effective assignment of the claim to USF&G under the policy. Appellants point out that the insurance proceeds were paid to Burke and argue that because Burke did not own the tractor, it had no cause of action to assign to USF&G. Appellants contend that they moved to add USF&G as a party plaintiff in order to avoid any real party in interest defense being asserted by appellee but maintain that Collins is the real party in interest both as owner of the tractor and because he never received payment from USF&G.

Whether payment of the insurance proceeds was made in Collins' name or that of his business entity was irrelevant. Although the check itself does not appear to have been placed in evidence, Collins admitted on cross-examination that he was the person to whom payment was made by USF&G for loss of the tractor and that he transferred his claim against appellee to USF&G. Moreover, the assignment issue has previously been decided adversely to appellants by this court in *Hoxie v. Americus Auto. Co.*, 73 Ga. App. 686, 688 (37 SE2d 808) (1946) and *General Ins. Co. v. Bowers*, 139 Ga. App. 416, 418-419 (228 SE2d 348) (1976). In both cases, before filing suit against the defend-

ants for negligence in destroying their property, the plaintiffs accepted payment from their insurers in full satisfaction of all claims for loss and damage. The insurers paid the claimants pursuant to a proof of loss and subrogation agreement containing language transferring the cause of action to the insurer which was similar to the provision in the policy under consideration in this appeal. After checks were delivered to the insureds in full payment of the claims, they signed a loan receipt to the insurer. This court held in both cases that the trial court properly dismissed the insureds' lawsuits as they " 'had transferred and assigned in a subrogation agreement all of [their] claims and demands to the insurance company. The trial court was, therefore, authorized to find that the so-called loan receipt was not a novation of the assignment and subrogation agreement, and that the plaintiff had no right to maintain the action.' " Id. at 418-419.

While the assignment provision in the above cases was part of a proof of loss form rather than a specific policy provision as in the present appeal, the effect of the agreement is the same. " '(O)ne can be compensated but once for damage inflicted, and it is obvious that [Collins] has in fact recovered the maximum sum to which he is entitled. The right of action, if any existed, would have been in the [hands of the] insurer under the subrogation agreement . . . The insurer was the only possible party plaintiff . . . in this action. . . .' [Cit.]" *Bryant v. Atlanta Gas Light Co.*, 149 Ga. App. 126, 127 (1) (253 SE2d 807) (1979). Accord *Parker Plumbing &c. Co. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969), rev'g *Kurtz v. Parker Plumbing &c. Co.*, 118 Ga. App. 130 (162 SE2d 755) (1968); *Imperiale v. Pollard*, 187 Ga. App. 427 (370 SE2d 494) (1988).

2. Next, appellants contend that even if Collins did assign his cause of action to USF&G, the strict liability claim could still be maintained by USF&G. However, OCGA § 51-1-11 (b) (1) restricts such actions to "natural persons." See *Mike Bajalia, Inc. v. Amos Constr. Co.*, 142 Ga. App. 225 (2) (235 SE2d 664) (1977). In addition, we reject appellants' contention that because the policy provision assigned all claims of the insured to USF&G, it is entitled to bring such an action as subrogee. "OCGA § 51-1-11 (b) . . . is our statute governing strict liability in tort which is in derogation of common law and 'must be strictly construed or limited strictly to the meaning of the language employed and not extended beyond plain and explicit terms.' [Cits.]" *Daniel v. American Optical Corp.*, 251 Ga. 166, 167 (1) (304 SE2d 383) (1983). Thus, the appellate courts cannot, "by judicial opinion, enlarge upon or by construction grant rights or causes of action not clearly included in the statute itself." *Ford Motor Co. v. Carter*, 239 Ga. 657, 663 (238 SE2d 361) (1977).

3. Appellants assert that even if USF&G were correctly determined to be the only proper party to pursue the action and were pre-

cluded from seeking a strict liability claim, the verdict was still clearly supported by the evidence on the issue of negligence, particularly when considered in connection with the principle of res ipsa loquitur. We do not agree.

" 'The elements of the res ipsa loquitur doctrine are: " '(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' " (Cits.) Further, "(t)he accident must also be 'of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.' " (Cit.) Moreover, " '(r)es ipsa loquitur should be applied with caution and only in extreme cases; . . . it is not applicable when there is an intermediary cause which produced or *could* produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent.' " (Cit.)' [Cit.]" *Cornelius v. Lawrence*, 203 Ga. App. 113 (2) (416 SE2d 115) (1992).

While the evidence here may have been sufficient to establish that an inherent defect in the tractor caused the fire, which is enough to prove a strict liability claim, it was not demonstrated that the defect was the result of any negligence on the part of appellee. *Home Ins. Co. v. Caterpillar, Inc.*, 202 Ga. App. 522 (414 SE2d 735) (1992). USF&G's expert stated he had determined that the fire started in the electrical fuse panel, but it could have been caused by any number of different reasons and he did not know if there was a defect in the design or manufacture of the panel. Appellee's expert testified that the cause of the fire was debris which was not cleaned off the heat shield on the exhaust pipe and that there was no need to specifically warn consumers to keep the area clear because "it's open and obvious that you need to keep it clean so you don't have these type of fires." He further stated that the tractor industry was always concerned about fires from accumulated debris when the products were designed.

" ' "Negligence is not to be presumed, but is a matter for affirmative proof. (Cits.) . . ." ' [Cit.] ' "The expression 'res ipsa loquitur' means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that 'the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage' and 'the accident was a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.' (Cit.) . . . The principal basis for application of the rule of

res ipsa loquitur is that the occurrence involved would not have occurred (but for) negligence, and (this) negligence (may properly be) charged to the person in exclusive control of the instrumentality. (Cits.)' [Cits.]" *Ellis v. Sears, Roebuck & Co.*, 193 Ga. App. 797, 798 (1) (388 SE2d 920) (1989).

The expert opinion testimony failed to raise even an inference of negligence on the part of appellee. Furthermore, the tractor had been operated in the fields for approximately 300 hours by at least two drivers who never read the instruction manual, which advised letting the engine idle for a short period of time before turning it off to allow the engine and turbo charger temperature to decrease. This procedure was not followed on the day the tractor caught fire. Thus, the exclusive control requirement was not met and the doctrine of res ipsa loquitur is not applicable. *Bridgestone Firestone v. Green*, 198 Ga. App. 858 (2) (403 SE2d 442) (1991). Since there was no evidence to prove an essential element of the negligence claim against appellee, there was no issue for the jury and the trial court correctly granted appellee's motion for j.n.o.v. See *H. Elton Thompson & Assoc. v. Williams*, 164 Ga. App. 571 (298 SE2d 539) (1982).

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 15, 1993.

*Allgood & Daniel, Robert L. Allgood*, for appellants.
*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye*, for appellee.