63920. HANOVER INSURANCE COMPANY v. CANAL
INSURANCE COMPANY.

CARLEY, Judge.

On April 26, 1978, a vehicle insured by appellant was involved in a collision with a vehicle insured by appellee. As a result of this collision, and pursuant to the terms of the insurance contract with its insured, appellant paid to its insureds the sum of $13,489.51 in "no-fault" personal injury protection benefits. On June 23, 1981, appellant instituted the instant subrogation action against appellee

under Code Ann. § 56-3405b (d) (1), alleging negligence on the part of appellee's insured and seeking recovery of the $13,489.51. In its answer, appellee denied the material allegations of the complaint and raised, as an affirmative defense, that the claim was barred by the statute of limitation. Thereafter, appellee moved for judgment on the pleadings on the basis that appellant's subrogation claim was barred by the statute of limitation inasmuch as it had not been commenced within two years of the April 26, 1978 collision. Appellee's motion for judgment on the pleadings was granted and appellant appeals.

The trial court correctly found that the "clear language" of Code Ann. § 56-3405b (d) (1) mandates that the *right of recovery* on a subrogation claim be determined on the basis of tort law between the insurers involved. However, the trial court incorrectly concluded that, because the *right of recovery* in the instant action is determined on the basis of tort law, the statutes of limitation applicable to tort actions must necessarily apply. "Statutes of limitation look only to remedy and not to substantive rights . . ." *Dixie Constr. Co. v. Williams,* 95 Ga. App. 767, 770 (98 SE2d 582) (1957). *U. S. Fidelity &c. Co. v. Ryder Truck Lines,* 160 Ga. App. 650, 654 (3) (288 SE2d 1) (1981), (writ of cert. vacated May 19, 1982) is dispositive of the sole issue presented in this appeal. Therein, it was held that the trial court erred in applying a two-year statute of limitation to a subrogation claim under Code Ann. § 56-3405b (d) (1). Finding a claim for subrogation under this code section to be a purely statutory right as compared to a conventional or equitable subrogation claim, this court further held that the twenty-year statute of limitation under Code Ann. § 3-704 to be applicable in such actions. *U. S. Fidelity &c. Co. v. Ryder Truck Lines,* supra.

The instant subrogation action having been commenced well within the applicable twenty-year period of limitation, the trial court erred in granting appellee's motion for judgment on the pleadings.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JULY 9, 1982.

*Edward M. Harris,* for appellant.
*T. Cullen Gilliland, M. Scott Barksdale,* for appellee.