## 64961. LIBERTY MUTUAL INSURANCE COMPANY v. CLARK.

POPE, Judge.

David Weinberger, a Florida resident, was riding a bicycle in Athens, Georgia when he was struck by an automobile driven by defendant/appellee Jim C. Clark, an uninsured Georgia motorist. Weinberger held an automobile insurance policy issued in Florida by plaintiff/appellant Liberty Mutual Insurance Company. Pursuant to that policy, plaintiff paid Weinberger $9,500 for the personal injuries and property damage he suffered as a result of the collision. Weinberger then executed a subrogation agreement with plaintiff.

Plaintiff filed suit in its own name in the Superior Court of Clarke County, Georgia, defendant's county of residence. Defendant filed a motion for summary judgment, asserting that plaintiff had no standing to bring the suit. The trial court agreed and, holding that Code Ann. § 56-407.1 only grants the right of subrogation to insurers issuing or delivering insurance policies in this state and without the statutory right to subrogation plaintiff had no standing to sue, granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice.

1. We concur with the conclusion of the trial court that plaintiff has no right to subrogation under Code Ann. § 56-407.1 (now OCGA § 33-7-11). In that section, subsection (f), by its reference to subsection (a), provides: "An insurer paying a claim [on a policy 'issued or delivered *in this State*'] shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage to the extent that payment was made. . . ." (Emphasis supplied.) The subsection does not purport to give the right of subrogation to an insurer paying a claim on a policy issued or delivered *outside* the state.[1]

2. The trial court, however, was incorrect in stopping there. The fact that plaintiff does not have a statutory right to subrogation does not mean plaintiff is entirely without such a right. In addition to statutory subrogation, there is legal or equitable subrogation and conventional subrogation. See *Cornelia Bank v. First Nat. Bank,* 170

---

[1] Plaintiff argues that *Terry v. Mays,* 161 Ga. App. 328 (291 SE2d 44) (1982), demands a contrary conclusion. We disagree. The pertinent portion of that case, 161 Ga. App. at 328, involves Code Ann. § 56-407.1 (d), which provides the procedures for inclusion of the insurer in an action by the insured against the uninsured motorist. As such, it is clearly inapposite.

Ga. 747, 750 (154 SE 234) (1930). Plaintiff acquired its right of subrogation conventionally, by agreement with its insured. See id. at 750. By virtue of the agreement, plaintiff became "subrogated to all rights of recovery" of the insured and "entitled, to the extent of its payment . . . to the proceeds of any settlement or judgment that may result from the exercise of any such rights."

It is important to note that the agreement entitled plaintiff to the rights of recovery of its insured and not to the insured's right of action against the uninsured motorist. Had it done so, it would have constituted an assignment rather than a subrogation agreement. See *Harrell v. Carlton,* 141 Ga. App. 41 (232 SE2d 384) (1977); *Gen. Ins. Co. of America v. Bowers,* 139 Ga. App. 416 (2) (228 SE2d 348) (1976); *Wrightsman v. Hardware Dealers &c. Ins. Co.,* 113 Ga. App. 306 (147 SE2d 860) (1966); see also *Kurtz v. Parker Plumbing &c. Co.,* 118 Ga. App. 130 (162 SE2d 755) (1968), revd. 225 Ga. 31 (165 SE2d 729) (1969). In that event, the agreement would have been unenforceable because "a right of action for personal torts . . . may not be assigned." Code Ann. § 85-1805 (now OCGA § 44-12-24).

Consequently, although plaintiff is subrogated to the rights of recovery of its insured, the right of action belongs to the insured and any action against the uninsured motorist must be brought in the name of the insured.[2] Code Ann. § 3-109 (now OCGA § 9-2-21 (a)). Because the action at bar was not brought by the proper party, it was correctly dismissed.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JANUARY 4, 1983.

---

[2]We are aware of a possible anomaly in our law in this area. Under the authorities cited, an insurer, having issued a policy outside this state and having paid its insured pursuant to that policy for personal injuries caused by an uninsured motorist in this state, cannot directly sue that uninsured motorist. The insurer can nevertheless be the operative plaintiff, so long as the insured is the named plaintiff. The anomaly exists in that if the subrogation agreement expressly provides that the insurer may bring suit in the name of the insured, the agreement may be deemed an assignment and void if the underlying claim is for personal injuries. *Wrightsman v. Hardware Dealers &c. Ins. Co.,* supra at (2). See also *Lindsey v. Samoluk,* 236 Ga. 171 (223 SE2d 147) (1976), revg. 135 Ga. App. 852 (219 SE2d 464) (1975); *Harrell v. Carlton,* supra at 41; *General Ins. Co. of America v. Bowers,* supra at 417 n. 1. Compare generally the loan receipt cases such as those collected in *American Chain & Cable Co. v. Brunson,* 157 Ga. App. 833 (278 SE2d 719) (1981); Childers v. Eastern Foam Prods., Inc., 94 F. R. D. 53, 55-7 (N.D. Ga. 1982).

*David E. Barrett,* for appellant.
*James W. Smith,* for appellee.