70787. TRAVELERS INSURANCE COMPANY v. COMMERCIAL UNION INSURANCE COMPANY.
(335 SE2d 681)

BIRDSONG, Presiding Judge.

Insurance Subrogation. On August 19, 1980, Herschel Gibbs, while operating a truck owned by his employer, Spencer, Inc. d/b/a

Mid-South Ice, drove the truck into the rear end of a vehicle operated and occupied by Mrs. Christine Neal. Following the collision, Mrs. Neal filed a claim for mandatory no-fault coverage with her insurer, The Travelers. The Travelers paid Mrs. Neal the contractual amount of coverage, $5,000. Thereafter, The Travelers sought reimbursement from Mid-South's no-fault insurer (Commercial Union) for the $5,000 paid by The Travelers to Mrs. Neal pursuant to the provisions of OCGA § 33-34-3 (d) (1). Commercial Union partially honored The Travelers' claim by reimbursing The Travelers approximately $2,400. After the claim and partial payment between insurers, Mr. and Mrs. Neal filed suit against Mid-South for damages in excess of the mandatory minimum of $5,000. At the conclusion of the evidence on the issue of negligence, the trial court directed a verdict on liability in favor of the Neals and against Mid-South. The jury was then presented evidence on the issue of damages. The jury found no damages attributable to the collision and returned a verdict on damages in favor of Mid-South. The trial court entered judgment in favor of Mid-South, dismissed the complaint with prejudice, and assessed costs against the Neals. A subsequent appeal by the Neals to this verdict and judgment was dismissed before adjudication and thus the judgment is final.

After the judgment in favor of Mid-South (Commercial Union's insured), Commercial Union declined to pay the remaining $2,600 constituting the balance of the $5,000 no-fault paid by The Travelers to Mrs. Neal, contending that the jury verdict of no liability of its insured, Mid-South, negated any subrogation rights allegedly possessed by The Travelers as a result of its "voluntary" payment of non-compensable injuries arising out of the accident as found by the jury. The Travelers then instituted the present suit against Commercial Union seeking the recovery of the remaining $2,600 which constituted the balance of the $5,000 no-fault paid by The Travelers to its insured, Mrs. Neal. Upon motion for summary judgment by Commercial Union, the trial court granted that motion and it is that grant that forms the basis of this appeal. *Held*:

We commence our examination of the issues presented by this appeal by considering the language of OCGA § 33-34-3 (d) (1). That statute provides in part: "(d) (1) Insurers . . . providing benefits without regard to fault . . . shall not be subrogated to the rights of the person for whom benefits are provided except in those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. The right of recovery and the amount of recovery shall be determined on the basis of tort law between the insurers . . . involved. . . . If the responsible tort-feasor is uninsured . . . the insurer . . . providing benefits shall have a right of action [against the uninsured tort-feasor] to

the extent of benefits provided against such tort-feasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident."

As we view these statutory provisions, certain aspects of the rights conferred become more clear. First, we discern that the statute distinguishes as between subrogation rights between two insurers and between a subrogated insurer and an uninsured tort-feasor. All subrogation claims will be determined as to right of recovery and amount of recovery on the basis of applicable tort law; but as between insurers there is no limitation of right of subrogation. Recovery by the claiming insurer from the other insurer for payments of no-fault compensation is allowed only in the event the insured party has recovered full compensation for all economic and noneconomic losses and to whom loss benefits were paid by his insurer. As between insurers the full amount contractually required to be paid by the subrogated insurer to its insured is recoverable, even though a right of action may still exist for losses over and above the amount of no-fault coverage. However where an uninsured motorist is involved, the full amount of economic and noneconomic losses must be paid to the injured insured by his insurer and/or by the tort-feasor before the insurer is subrogated to the rights of its insured. Apparently this is designed to preclude a greater recovery by way of subrogation than the amount paid by the insurer to its insured and to guarantee that the injured party is paid full economic and noneconomic losses. Moreover under pertinent law of subrogation, we understand the provision that recovery is governed by applicable provisions of tort law to require that liability for damages must inure to the injured insured in order for that same liability to vest in the subrogated insurer. Lastly, the applicable tort law governs not only the right of recovery (i.e., the question of liability) but the amount of recovery (i.e., the question of damages). To fail to recognize the bifurcation of liability and damages in the statutory language would be to render nugatory and meaningless the words "the right of recovery and the amount of recovery" which are an integral part of the statute. Applying these principles compels the affirmance of this judgment.

The Travelers argues that OCGA § 33-34-3 (d) (1) provides the statutory and only avenue for recoupment of benefits paid for no-fault coverage as between insurers. It further argues that the statute "mandates" the insurer paying no-fault benefits will and therefore must bring its subrogation claim against the tort-feasor's insurer. Try as we might, we cannot find language that "mandates" that a claim must be brought (i.e., whether desired or not) by the paying insurer against the tort-feasor's insurer. We readily accede that the statute authorizes that avenue of recovery and if subrogation is sought, it is

mandated that the claim be processed in accordance with the statute.

In this case, there is no dispute between the parties that a basis for subrogation was present in this case. There was a tractor-trailer being operated by Gibbs for Spencer involved in this accident "between two vehicles, at least one of which is a vehicle weighing more than 6,500 pounds unloaded." Thus on its face, the accident between the Neal vehicle and Spencer's vehicle authorized The Travelers to seek from Commercial Union the $5,000 it had paid to Mrs. Neal as a no-fault payment. In fact it further appears that Commercial Union not only conceded that initial liability by partially satisfying the claim, but Commercial Union has not sought the recoupment of the approximate $2,400 it paid to The Travelers under the initial claim filed by The Travelers as the subrogee of Mrs. Neal.

However, we observe that subrogation is a remedy recognized both in law and equity as a path of recovery whereby one is placed or substituted in the legal position of another and more specifically it is the substitution of another person in the place of a creditor, so that the substituted person succeeds to all the rights of the creditor. See *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866). The clear meaning of the language defining subrogation is that the subrogee is placed in the same position as the subrogor which includes the disabilities as well as the rights. In other words, The Travelers stands in the shoes of its subrogor, Mrs. Neal, and has no less nor greater rights than Mrs. Neal. Thus in order for subrogation to have value to The Travelers, the insured Mrs. Neal must have had some right of recovery against some person to which the insurer (The Travelers) could succeed by subrogation. *Georgia Farm Bureau Mut. Ins. Co. v. Southeastern Fidelity Ins. Co.*, 144 Ga. App. 811, 812 (242 SE2d 743); *Royal Indem. Co. v. Pharr*, 94 Ga. App. 114, 115 (93 SE2d 784). In this case even though the trial court in substance stated to Mrs. Neal she had a *right* of recovery by granting to her a directed verdict of liability, the jury in her case found she was entitled to no *amount* of recovery. Thus the trial court properly ruled that in the face of a jury's finding that Mrs. Neal had suffered no injuries from the hands of Gibbs, Mrs. Neal had no right of recovery, dismissed her complaint with prejudice and assessed costs against her as the losing party. Inasmuch as The Travelers stands in the shoes of its insured-subrogor, The Travelers can have no greater right of recovery than Mrs. Neal. Thus within the meaning of the applicable statute (§ 33-34-3 (d) (1)), there was no "responsible tort-feasor" against and because of whom damages were due to Mrs. Neal. The statute involved mandates that the right of recovery on a subrogation claim is to be determined on the basis of tort law between the insurers involved. See *Hanover Ins. Co. v. Canal Ins. Co.*, 163 Ga. App. 20, 21 (293 SE2d 509).

When the Neals filed their suit against Mid-South and Gibbs as

the asserted tort-feasors, The Travelers had the right to seek intervention so as to protect their rights and interest in the no-fault payments already made to Mrs. Neal. See *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447, 454 (3) (271 SE2d 844). We need not determine however if The Travelers may have waived their right to subrogation by failing to intervene, for we are satisfied that the judgment in the earlier case between the Neals and Mid-South and Gibbs collaterally estopped The Travelers from seeking further recovery from Commercial Union.

An estoppel by judgment (often used interchangeably with collateral estoppel (*Blakely v. Couch*, 129 Ga. App. 625, 627 (1) (200 SE2d 493))) stems from the doctrine of res judicata where there has been a former adjudication of the same issue by the same parties or their privies, even though the adjudication may not have been upon the same cause of action. *Smith v. Wood*, 115 Ga. App. 265 (1) (154 SE2d 646). The Travelers, as already stated in this opinion, had no greater rights than its insured, Mrs. Neal. Mrs. Neal's right of recovery had already been settled judicially and precluded her subrogee, The Travelers, from further pursuing a claim for liability that judicially and under appropriate tort law has been determined not to exist. For the above reasons, we conclude the trial court did not err in granting summary judgment to Commercial Union.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 17, 1985 —
REHEARING DISMISSED OCTOBER 2, 1985 — 

*Robert A. Freyre*, for appellant.
*Glenn Frick, Sue K. A. Nichols*, for appellee.