### 42953. JORDAN v. T G & Y STORES COMPANY.
(342 SE2d 665)

GREGORY, Justice.

The United States Court of Appeals for the Eleventh Circuit certified the following question to this court pursuant to OCGA § 15-2-9. "The appellant in this action, Walter Jordan, was injured in a motor vehicle accident on January 11, 1981. Jordan's truck was struck by a truck driven by an employee of the appellee, TG&Y Stores. TG&Y does not contest its liability on appeal. The jury reached a special verdict on damages, making the following awards:

Past and present medical expenses - $10,310.09

Past and present lost wages - $26,013
Future lost wages - $13,873
Pain and suffering - $40,000

The total verdict, therefore, was $92,996.09. Before proceeding against TG&Y, Jordan had received $50,000 in benefits from his no-fault liability insurer. These benefits were for past and present medical expenses and past and present lost wages. At trial, plaintiff had requested an award of $81,292.68 for past and present medical expenses and past and present lost wages, but as shown above, the jury awarded only $36,323.09 for these claims. The legal problem in this case arises from the jury's award of only $36,323.09 for claims for which the no-fault insurer had already paid $50,000.

"Because appellee's vehicle exceeded 6500 pounds unloaded, OCGA § 33-34-3 (d) (1) applies, and the appellee moved to reduce the verdict and judgment by the $50,000 previously paid to Jordan in no-fault benefits. The district court granted the motion and reduced the judgment by $50,000. . . .

"On the basis of the above facts, should the $92,996.09 the jury awarded to Walter Jordan be decreased by:

"(1) $50,000, the entire amount previously paid by the no-fault insurer; or

"(2) $36,323.09, the amount set forth in the special verdict for past and present medical expenses and past and present lost wages?" (Footnote deleted.)

As noted by the court in its certified question, the applicable law is found in OCGA § 33-34-3 (d) (1) (as it existed prior to the 1984 amendment, Ga. L. 1984, p. 516).[1] It provides as follows: "Insurers and self-insurers providing benefits without regard to fault described in Code Sections 33-34-4 and 33-34-5 shall not be subrogated to the rights of the person for whom benefits are provided except in those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. The right of recovery and the amount of recovery shall be determined on the basis of tort law between the insurers or self-insurers involved. Expenses incurred in exercising the rights of subrogation under this Code section shall be at the sole expense of the insurers and self-insurers involved. If the responsible tort-feasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tort-feasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and non-economic losses incurred as a result of the motor vehicle accident." Im-

---

[1] The 1984 amendment, Ga. L. 1984, p. 516, supra, made no change applicable here.

plicit in the foregoing is the proposition that in those accidents involving two or more vehicles one of which weighs more than 6500 pounds unloaded, insurers and self-insurers providing no-fault benefits shall be subrogated to the rights of the person for whom such benefits are provided, and it has been so interpreted. *Hanover Ins. Co. v. Canal Ins. Co.*, 163 Ga. App. 20 (293 SE2d 509) (1982); see also *Carter v. Banks*, 254 Ga. 550 (3) (330 SE2d 866) (1985).

The plaintiff contends that the defendant is entitled to deduct from the $92,996.09 verdict any past and present medical expenses ($10,310.09) and past and present lost wages ($26,013), or the sum of $36,323.09, which represents that part of the verdict corresponding to no-fault benefits paid to him, and that he is entitled to receive the damages awarded him by the jury for future medical expenses ($2,800), future lost wages ($13,873), and pain and suffering ($40,000), totaling $56,673, which were not due or paid to him by his insurer. The defendant contends the verdict should be reduced by the total amount of no-fault benefits paid to plaintiff by his no-fault insurer, $50,000.

We first observe that whatever subrogation rights exist are determined by the statute in question, OCGA § 33-34-3 (d) (1). We are not dealing with equitable or contractual subrogation. See *Carter v. Banks*, supra at 552. Thus our task is one of statutory construction. The first thrust of the statute is to eliminate subrogation in no-fault cases. But, an exception is carved out in those cases where at least one of the vehicles involved in the accident weighs more than 6500 pounds. Where this exception applies the statute, by clear implication, subrogates the no-fault insurer to the rights of its insured against a third party tort-feasor to the extent of no-fault benefits paid. This means the insurer may recover benefits it paid its insured from the tort-feasor to the same extent the tort-feasor is liable to its insured. It has the same rights, neither more nor less, than its insured possesses against the tort-feasor. The jury in this case determined that the amount of damages for losses related to the no-fault benefits in the case was $36,323.09. The extent of the right of subrogation is no greater and no less. It is $36,323.09. There is no subrogation to the rights of plaintiff for losses not covered by payments for no-fault benefits.

We held in *McGlohon v. Ogden*, 251 Ga. 625, 627 (308 SE2d 541) (1983), that a plaintiff is precluded from recovering damages for no-fault benefit items, either mandatory or optional, in accidents involving at least one vehicle weighing more than 6500 pounds. The remedy of the defendant is to have the verdict reduced accordingly.

We answer the certified question as follows: On the basis of the facts stated in conjunction with the question, the jury verdict of $92,996.09 should be decreased by the sum of $36,323.09.

*Certified question answered. All the Justices concur, except Marshall, C. J., Weltner and Bell, JJ., who dissent.*

MARSHALL, Chief Justice, dissenting.

Here, as found by the jury, the appellant is entitled to $40,000 for pain and suffering, as well as $52,996.09 for past, present, and future medical expenses and lost wages. However, he has previously been paid $50,000 for past and present medical expenses and lost wages by his no-fault liability insurer under the optional PIP coverage in his insurance policy. See OCGA § 33-34-5 (a) (1) (A), (B).

As recognized by the majority, under the so-called "No-fault Act," the appellant's insurer is subrogated to "the rights of the person for whom such benefits are provided." Under the majority opinion, the appellant will ultimately receive $106,673 for medical expenses, lost wages, and pain and suffering (the $50,000 he received from his no-fault liability insurer, plus the $92,996.09 received from the jury, minus the $36,323.09 written off of the verdict). It would thus seem to me that the appellant's insurance company, who paid the appellant the full $50,000 in optional PIP benefits, will only receive $36,323.09 as subrogee. This result is inconsistent with the intent of the jury in reaching its verdict and effectively grants to the appellant a partial double recovery, which the law does not favor. *Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 433 (170 SE2d 840) (1969).

The complicating feature of this case is the fact that the appellant's insurance company, as owner of a portion of the claims being sued on by virtue of its subrogation rights, should have been a party to this suit. Cf. *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (3) (271 SE2d 844) (1980). Had the appellant's insurance company been a party, it could have argued that even if it was only subrogated to $36,323.09 of the verdict rather than the full $50,000, the remaining $13,676.91 should have been set off from the verdict and paid to it so as to satisfy its claim against the appellant as a result of its overpayment to him, as found by the jury. However, even in the absence of the appellant's insurance company as a co-plaintiff herein, it is my opinion that the doctrine of subrogation (of statutory origin here) nonetheless is flexible enough to do justice between all interested parties through a reduction of the jury verdict by the full $50,000. In that manner, the appellant will receive the sums to which the jury has found him entitled, and his insurance company, as subrogee, will receive the $50,000 paid to the appellant in optional PIP insurance benefits.

I respectfully dissent.

I am authorized to state that Justice Weltner and Justice Bell join in this dissent.

Decided April 24, 1986 —
Reconsideration denied May 28, 1986.

Freeman & Hawkins, Alan F. Herman, Julia Bennett Jagger, for appellant.
Dennis & Corry, Michael T. Thornton, for appellee.