## A91A0191. UNITED STATES FIDELITY & GUARANTY COMPANY v. JOY TRUCK LINES, INC.
### (408 SE2d 142)

COOPER, Judge.

Appellant appeals the trial court's entry of a judgment on appellee's motion for directed verdict as to appellant's cross-claim for subrogation pursuant to OCGA § 33-34-3 (d) (1).

Kenneth Miller was injured in a collision with a truck owned by appellee and was paid $50,000 in no-fault PIP benefits by appellant, his insurer. Miller brought a negligence action against appellee wherein appellant was added as a co-defendant as Miller's uninsured motorist carrier because of the alleged involvement of an unidentified third vehicle in the accident. Appellant asserted a cross-claim against appellee for subrogation of the no-fault benefits paid to Miller. During the trial, the court denied appellee's motion for directed verdict on the subrogation claim, and ultimately, the jury returned a $200,000 verdict for Miller and against appellee; however, no verdict was rendered on the subrogation claim. Appellee then moved the court for the entry of a judgment in accordance with its motion for directed verdict pursuant to OCGA § 9-11-50 (b), which the trial court granted. Relying on OCGA § 33-34-3 (d) (1) and *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (271 SE2d 844) (1980), the court held that appellant's right of recovery was limited to appellee's liability carrier and that appellant's claim for subrogation was improper because appellee's liability carrier was not joined as a party.

OCGA § 33-34-3 (d) (1) provides in part: "Insurers and self-insurers providing benefits without regard to fault . . . shall not be subrogated to the rights of the person for whom benefits are provided except . . . [i]n those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. . . . The right of recovery and the amount of recovery shall be determined on the basis of tort law between the insurers or self-insurers involved." Appellant contends that the clear meaning of the statute is that tort law controls subrogation proceedings, procedurally and substantively, and the statute does not require the joinder of carriers whose presence in the case might cause prejudice. Appellant argues that *Jordan v. TG&Y Stores Co.*, 256 Ga. 16 (342 SE2d 665) (1986) authorizes subrogated insurers to maintain independent actions against tortfeasors to recover benefits paid to their insured to the same extent tortfeasors are liable to the insured, and therefore, the tortfeasor's insurer is not a necessary party to the subrogation litigation. Appellant also relies on *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 307 (335 SE2d 681) (1985), a case in which the tortfeasor's insurer was a party and the court denied reimbursement of no-fault benefits to the paying insurer,

standing in the shoes of its insured, because the jury determined that the insured suffered no injury. The paying insurer argued that OCGA § 33-34-3 (d) (1) provided the only avenue for recoupment between insurers and that the statute "mandated" that the paying insurer bring his subrogation claim against the tortfeasor's insurer, to which this court responded, "Try as we might, we cannot find language that 'mandates' that a claim must be brought (i.e., whether desired or not) by the paying insurer against the tort-feasor's insurer. We readily accede that the statute authorizes that avenue of recovery and if subrogation is sought, it is mandated that the claim be processed in accordance with the statute." *Travelers*, supra at 307-308. Later in the opinion, however, the court also states, "The statute [OCGA § 33-34-3 (d) (1)] involved mandates that the right of recovery on a subrogation claim is to be determined on the basis of tort law between the insurers involved." Id. Moreover, in *Jordan*, supra, the question before the court was by what sum a jury verdict was to have been reduced, either by the amount previously paid by a subrogated insurer or by the amount set forth in a special verdict, as between the insured and a tortfeasor, and although the court stated that an insurer was entitled to recover from a tortfeasor to the extent of no-fault benefits paid, there was no subrogation claim alleged or pending in that case.

In the case relied upon by the trial court, *State Farm*, supra, the Georgia Supreme Court held unequivocally that § 56-3405b (d) (1), the predecessor of OCGA § 33-34-3 (d) (1), limited the paying insurer's right of recovery to the insurance carrier of the tortfeasor. *State Farm*, supra at 454. In *State Farm*, the tortfeasor's insurer was a party defendant, and the court held that the paying insurer should have been permitted to intervene the wrongful death action to protect its subrogation interest. By expressly limiting the insurer's right of recovery to the tortfeasor's insurer, there was no right of recovery against the tortfeasor.

Although the statute has been amended since *State Farm* was decided, with regard to the facts in the instant case, it is not materially different from its predecessor. Most importantly, both versions provide that the right of recovery and the amount of recovery shall be determined *between the insurers*. " 'It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning. [Cit.]' " *Sledge v. Employees' Retirement &c. of Ga.*, 196 Ga. App. 597, 598 (396 SE2d 550) (1990). In our view, the trial court was correct in concluding that the right of recovery of subrogated no-fault benefits exists only between insurers and that appellant's cross-claim was improper because appellant failed to join appellee's liability insurer. There was no error in the entry of judgment in favor of appellee on the appellant's subrogation cross-claim.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 5, 1991.

*Kinney, Kemp, Pickell, Sponcler, & Joiner, Matthew D. Thames*, for appellant.

*Dennis, Corry, Porter & Thornton, Michael T. Thornton*, for appellee.