A95A1417. GENERALI — U. S. BRANCH v. OWENS.
(462 SE2d 464)

BEASLEY, Chief Judge.

Generali — U. S. Branch issued a policy of insurance to Pedro providing uninsured motorist and medical payments coverage. Generali paid benefits to Pedro as a result of injuries he sustained in a vehicular collision caused by Owens' alleged negligence. Generali brought this action against Owens to recover its loss.

Owens answered the complaint, asserting as her first defense that Generali does not have standing to bring a direct action against her in its own name, in that OCGA § 44-12-24 provides that a right of action for personal torts may not be assigned. Owens filed a counterclaim seeking attorney fees and litigation expenses under various statutory provisions.

Generali filed a motion for summary judgment as to Owens' counterclaim, arguing that this is a routine subrogation action long recognized under Georgia law. Generali cited *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714 (373 SE2d 813) (1988), which shows that subrogation for health insurance coverage is allowed under Georgia law. Generali also cited OCGA § 33-7-11 (f), which states that an insurer paying uninsured motorist benefits shall be subrogated to the rights of the insured against the person causing such injury or damage to the extent that payment was made.

Owens moved for summary judgment on the basis of her first defense. As authority, she cited *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31 (299 SE2d 76) (1983), which Generali argued was distinguishable. The superior court granted Owens' motion for summary judgment and denied Generali's motion for summary judgment. Both rulings are enumerated as error.

1. As to the grant of summary judgment, Generali presses the argument that *Clark*, relied upon by Owens, is distinguishable.

In *Clark*, a Florida resident who held an automobile insurance policy issued in Florida was injured in Georgia by an automobile driven by an uninsured Georgia motorist. The Florida insurer became subrogated to its insured's right of recovery against the uninsured motorist under a subrogation agreement. The Florida insurer sued (in its own name) the uninsured motorist, who asserted that the insurer had no standing to bring the suit. The trial court agreed, holding that OCGA § 33-7-11 only grants the right of subrogation to insurers issuing or delivering insurance policies in this state. Without the statutory right of subrogation, the trial court ruled that the insurer had no standing to sue. This Court agreed (Division 1) but held (Division 2) that the insurer did have a right of conventional subrogation by reason of its agreement with its insured. The agreement entitled the insurer to the rights of recovery of its insured and not to the insured's right of action against the uninsured motorist. Had it done the latter, it would have constituted an assignment unenforceable under OCGA § 44-12-24, see *Southern Gen. Ins. Co. v. Ezekiel*, 213 Ga. App. 665 (445 SE2d 807) (1994), rather than an enforceable subrogation agreement.

Consequently, we held that although the insurer was subrogated to the rights of recovery of its insured, the right of action belonged to the insured, and any action against the uninsured motorist had to be brought in the name of the insured. Because the action was not brought by the proper party, it was correctly dismissed. *Clark* is on point with the present case and is not distinguishable.

2. Generali contends that the court erred in denying its motion for summary judgment on Owens' counterclaim, contesting Owens' argument that she has a right to recover her attorney fees and litigation expenses under OCGA §§ 9-15-14 and 13-6-11. The latter relates only to plaintiffs, *Vogtle v. Coleman*, 259 Ga. 115, 117 (3) (376 SE2d 861) (1989), and thus is not available to defendant Owens.

Although Owens may have a right to recover such damages under OCGA § 9-15-14, her counterclaim for such damages under that statute was premature. She filed it at a time when a party requesting attorney fees and litigation expenses under OCGA § 9-15-14 had to do so by motion within 45 days after the final disposition of the action, *Moore v. Dixon*, 264 Ga. 797, 800 (4) (452 SE2d 484) (1994), so her counterclaim was not a viable procedural vehicle through which to seek such damages. *Deavours v. Hog Mtn. Creations,* 207 Ga. App. 557, 559 (3) (428 SE2d 388) (1993), aff'd 263 Ga. 796 (439 SE2d 643) (1994). Under these circumstances, however, the correct disposition is to dismiss the counterclaim without prejudice. *Hutchison v. Divorce &c. of Arline Kerman & Assoc., P. C.*, 207 Ga. App. 421, 422 (427 SE2d 784) (1993). The court did not err in denying Generali's motion, because the grant of summary judgment is an adjudication on the

merits. *Gillis v. Goodgame*, 199 Ga. App. 413, 414 (2) (404 SE2d 815) (1991).

3. We deny Owens' motion for damages for the imposition of penalties for frivolous appeal under Court of Appeals Rule 15.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 22, 1995.

*Sullivan, Hall, Booth & Smith, Roger S. Sumrall*, for appellant. *Robert H. Benefield, Jr.*, for appellee.