A97A0168. TRAVELERS INSURANCE COMPANY v. HARRIS.
(486 SE2d 427)

BIRDSONG, Presiding Judge.

The Travelers Insurance Company appeals the grant of summary judgment to Robert A. Harris, an uninsured motorist, in its action to recover from Harris amounts paid to a H. K. Gillilan, a Travelers' insured, under the uninsured motorist coverage of Gillilan's policy of automobile insurance with Travelers. The record shows that on July 23, 1992, Gillilan and Harris were in an automobile accident in which Gillilan was injured. Because Harris was uninsured, Gillilan made a demand upon Travelers under his uninsured motorist coverage for the damages he incurred and ultimately, pursuant to a trust agreement, Travelers paid him $85,000 for his general damages, medical expenses, and lost wages. Subsequently, on August 18, 1995, Travelers filed suit against Harris in its own name to recover the amounts paid under the uninsured motorist coverage.

Thereafter, Harris moved for summary judgment contending that Gillilan, not Travelers, was the proper party plaintiff, that Travelers lacked standing to pursue the action, and that even if Travelers was a proper party plaintiff, Travelers was not authorized to bring the action against Harris because he had not yet been adjudged legally liable to Gillilan. The trial court found that as Travelers' payment was made before a judgment had been returned in favor of Gillilan against Harris, it was a voluntary payment for which Travelers was not authorized to seek subrogation against Harris. Travelers appeals from that decision. *Held*:

1. Travelers contends the trial court erred in ruling that by paying Gillilan's claim before there was a legal determination of Harris' responsibility for Gillilan's damages, Travelers made a voluntary payment for which subrogation was not authorized. We agree. Whatever validity this argument may have had ended with our Supreme Court's decision in *Lewis v. Cherokee Ins. Co.*, 258 Ga. 839, 841 (375 SE2d 850). *Lewis v. Cherokee Ins. Co.* held that a judgment

against the uninsured motorist was not a precondition to a demand against an insurer under OCGA § 33-7-11 and that the Code section does not permit an insurer to wait until there is a judgment against the uninsured motorist before considering the claim by its insured. Id. "Rather, an insurer is required to pay a valid claim within 60 days of its being made, and a valid claim may be made months and years before the plaintiff obtains a judgment against the uninsured motorist." Id. at 840-841. Thus, under our Supreme Court's interpretation of OCGA § 33-7-11, an insurer must consider and pay a valid claim made under the uninsured motorist coverage within 60 days of the demand, or face penalties. As further evidence of this intent, our Supreme Court stated that "[o]ur holding here is consistent with the statute's purpose of encouraging insurers to make a good faith examination of claims and to promptly pay all valid claims." Id. Under these circumstances, one can hardly say that Travelers' payment in this case was merely voluntary. Accordingly, the trial court erred by granting summary judgment to Harris on this basis.

2. Nevertheless, Travelers is not authorized to bring this action against Harris in its own name. Because this claim arose from damages incurred as a result of Gillilan's personal injuries, his cause of action cannot be assigned to Travelers (OCGA § 44-12-24), and thus, any action must be brought in Gillilan's name as the real party in interest. *Generali-U. S. Branch v. Owens*, 218 Ga. App. 584, 585 (462 SE2d 464); *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31, 32 (299 SE2d 76). Therefore, upon return of this case to the trial court, the trial court is directed to allow Gillilan a reasonable opportunity to join the action pursuant to OCGA § 9-11-17 (a), or be joined or substituted in accordance with OCGA § 9-11-19 (a). See *Allianz Life Ins. Co. v. Riedl*, 264 Ga. 395, 396-398 (444 SE2d 736).

Although Harris contends this procedure should not be followed in this case because the two-year period of limitations established in OCGA § 9-3-33 has expired, this issue was not ruled upon by the trial court. Thus, this issue is not ripe for our consideration. Moreover, this issue may not be as well settled as Harris contends. See, e.g., *U. S. F. & G. Co. v. Ryder Truck Lines*, 160 Ga. App. 650 (288 SE2d 1). We trust that, when again presented with this issue, the trial court will make an appropriate disposition at that time.

*Judgment reversed with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED APRIL 28, 1997.

Before Judge Miller.

*Thomas C. MacDiarmid, Keith D. Bodoh*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray*, for appellee.