A98A0354. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. COX.
(502 SE2d 778)

RUFFIN, Judge.

Keith Jacobs was a named insured under an automobile insurance policy issued and delivered in Georgia by State Farm Mutual

Automobile Insurance Company ("State Farm"). Pursuant to the policy's uninsured motorist provisions, State Farm paid Jacobs $6,300 to compensate him for bodily injuries he sustained in a collision with Elizabeth Cox. State Farm then filed the instant subrogation action in its own name against Cox to recover the benefits it paid to Jacobs. Cox subsequently moved to dismiss State Farm's complaint on the ground that State Farm was not the real party in interest and that the suit should have been filed in the name of State Farm's insured, Jacobs. The trial court granted Cox's motion. Relying on *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31 (299 SE2d 76) (1983) (physical precedent only) and *Generali — U. S. Branch v. Owens*, 218 Ga. App. 584 (462 SE2d 464) (1995), the trial court ruled that "[t]he law is clear that while [State Farm] is subrogated to the rights of recovery of its insured, the right of action belongs to the insured, and any action must be brought in the name of the insured." State Farm appealed, asserting (1) that the trial court erred in ruling that the insurance company could not file the subrogation action in its own name, and (2) that even if the trial court's ruling was proper, Jacobs should have been permitted an opportunity to join the action. We agree with the latter assertion and accordingly reverse the trial court's order dismissing the action.

1. State Farm first argues that OCGA § 33-7-11 (f) authorizes an insurance company to bring a subrogation action in its own name if the uninsured motorist policy was issued in Georgia. We disagree. As we ruled in both *Clark* and *Generali*, that Code section merely grants the right of subrogation to insurers issuing and delivering policies within Georgia. See *Clark*, supra; *Generali*, supra. As stated in both decisions, such an action must be brought in the name of the insured because OCGA § 44-12-24 prohibits the assignment of rights of actions for personal torts. See id.; *Clark*, supra.

Contrary to State Farm's contention, Division 1 of *Clark* does not authorize a different conclusion. There, we simply ruled that if the uninsured motorist policy was issued or delivered outside Georgia, OCGA § 33-7-11 (f) would not provide a statutory right of subrogation to the insurance company. See *Clark*, supra. Rather, under such circumstances, the insurance company would have to rely on other available legal or conventional subrogation rights. Id. There is simply no language in OCGA § 33-7-11 (f) or in the foregoing opinions to support State Farm's argument that it could file a subrogation action for Jacobs' personal injuries against Cox in the insurance company's own name. See *Travelers Ins. Co. v. Harris*, 226 Ga. App. 269, 270 (2) (486 SE2d 427) (1997).

2. State Farm correctly asserts, however, that the trial court should have allowed it a reasonable opportunity to join or substitute Jacobs as the real party in interest. "When an action is not being

prosecuted by the real party in interest, a trial court should not dismiss the action 'until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.' OCGA § 9-11-17 (a)." *Allianz Life Ins. Co. &c. v. Riedl*, 264 Ga. 395, 398 (3) (444 SE2d 736) (1994). "Therefore, upon return of this case to the trial court, the trial court is directed to allow [Jacobs] a reasonable opportunity to join the action pursuant to OCGA § 9-11-17 (a), or be joined or substituted in accordance with OCGA § 9-11-19 (a). [Cit.]" *Travelers*, supra at 270 (2).

Finally, "[a]lthough [Cox] contends [that] this procedure should not be followed in this case because the two-year period of limitations established in OCGA § 9-3-33 has expired, this issue was not ruled upon by the trial court. Thus, this issue is not ripe for our consideration." *Travelers*, supra at 270 (2).

*Judgment reversed with direction. Pope, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1998 —
RECONSIDERATION DENIED JULY 8, 1998 — 

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer*, for appellant.

*Deedra M. Brewer*, for appellee.