S98G1728. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. COX.
(515 SE2d 832)

HINES, Justice.

We granted certiorari to the Court of Appeals in *State Farm Mut. Auto. Ins. Co. v. Cox*, 233 Ga. App. 296 (502 SE2d 778) (1998) to consider whether an insurance company issuing and delivering a policy in the State of Georgia is entitled under OCGA § 33-7-11 (f) to bring a subrogation action in its own name or whether the action must be brought in the name of the insured. Concluding that OCGA § 33-7-11 (f) does not authorize the insurer to file a statutory subrogation action in its own name, we affirm.

The Court of Appeals set forth the relevant facts. Jacobs was involved in an automobile collision with Cox. Jacobs was insured under an automobile insurance policy, issued and delivered in Georgia, by State Farm Mutual Automobile Insurance Company. Under the policy's uninsured motorist provisions, State Farm paid Jacobs $6,300 for bodily injuries he sustained in the collision. Subsequently, State Farm filed this subrogation action in its own name against Cox to recover the benefits paid to Jacobs. Cox moved to dismiss the action claiming Jacobs, not State Farm, was the real party in interest, and consequently, that the suit should have been filed in Jacobs' name. The trial court granted the motion to dismiss, and the Court of Appeals reversed. The Court of Appeals agreed with the trial court's determination that State Farm was not entitled to bring the action in its own name, but concluded that State Farm should have been

allowed a reasonable opportunity to join or substitute Jacobs as the real party in interest. We granted certiorari only with respect to the ruling regarding State Farm's right to sue in its own name.

The right of subrogation can arise from either equity, contract, which is referred to as "conventional subrogation," or statute. *Carter v. Banks*, 254 Ga. 550, 552 (1) (330 SE2d 866) (1985). State Farm contends that under OCGA § 33-7-11 (f)[1] it has a statutory right to proceed in its own name in subrogation actions to recover payments made under Georgia's uninsured motorist provisions. It urges that in this case, the Court of Appeals misinterpreted and misapplied *Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31 (299 SE2d 76) (1983), in its progeny, *Generali — U. S. Branch v. Owens*, 218 Ga. App. 584 (462 SE2d 464) (1995) and *Travelers Ins. Co. v. Harris*, 226 Ga. App. 269 (486 SE2d 427) (1997), to deny it a subrogation action in its own name. But that is not so.

*Clark* involved a Florida resident, having an automobile insurance policy issued in Florida, who was injured in Georgia by an automobile driven by an uninsured Georgia motorist. A subrogation agreement made the Florida insurer subrogated to its insured's right of recovery against the uninsured driver. The Florida insurer filed suit in its own name against the uninsured motorist, and the motorist challenged the insurer's standing to bring the action. The Court of Appeals agreed with the trial court that the Florida insurer had *no right to subrogation* under OCGA § 33-7-11 because the statute did not grant such a right to an insurer paying a claim on a policy issued or delivered outside Georgia (Division 1). But the Court of Appeals concluded that the Florida insurer acquired a right of subrogation conventionally, that is, by agreement with its insured (Division 2).

---

[1] OCGA § 33-7-11 (f) provides:

An insurer paying a claim under the endorsement or provisions required by subsection (a) of this Code section shall be subrogated to the rights of the insured to whom the claim was paid against the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer, provided that the bringing of an action against the unknown owner or operator as "John Doe" or the conclusion of such an action shall not constitute a bar to the insured, if the identity of the owner or operator who caused the injury or damages complained of becomes known, bringing an action against the owner or operator theretofore proceeded against as "John Doe"; provided, further, that any recovery against such owner or operator shall be paid to the insurance company to the extent that the insurance company paid the named insured in the action brought against the owner or operator as "John Doe," except that the insurance company shall pay its proportionate part of any reasonable costs and expense incurred in connection therewith, including reasonable attorney's fees. Nothing in an endorsement or provisions made under this Code section nor any other provision of law shall operate to prevent the joining in an action against "John Doe" or the owner or operator of the motor vehicle causing such injury as a party defendant, and joinder is specifically authorized.

Contrary to State Farm's assertion, the analysis in Division 1 of *Clark* does not rest with the inquiry of whether the policy was issued and delivered in Georgia, and if the answer is yes, then the insurer has the right to bring a subrogation action under OCGA § 33-7-11 (f) in its own name.[2] While the plain language of OCGA § 33-7-11 (f) gives the right of subrogation to an insurer issuing and delivering policies in Georgia, there is no language in the statute authorizing the insurer to bring a subrogation action in its own name. If the legislature had intended to grant the insurer in this situation the additional authority to bring suit on its own behalf against the alleged tortfeasor, it would have explicitly done so. In other subsections of the statute the legislature expressly gives the insurer the option to proceed in its own name; notably these are instances in which legal proceedings are underway and the insurer is initially in a defensive posture. OCGA § 33-7-11 (a) (4) and (d). See *Johnson v. Amerson*, 179 Ga. App. 75 (345 SE2d 94) (1986), which involved the uninsured motorist carrier's rights under OCGA § 33-7-11 (d).[3] What is more, subsection (g) provides that the insurance company cannot require anything of its insured, subject to the other provisions of the policy or contract, "except the establishment of legal liability." This implicitly acknowledges that the insurer is not able to take direct action about the establishment of liability without the insured.

The wisdom of a legislative decision not to authorize a direct subrogation action by the insurer is clear from the circumstances of the present case. Apparently, there has been no determination of the liability of the alleged tortfeasor Cox, that is, Jacobs has not initiated any action against Cox for recovery of damages for his personal injury. Thus, contrary to State Farm's assertion about needless involvement of the insured, adjudication of the insurer's suit would require resolution of the question of liability, and accordingly, participation by the insured. What is more, a direct suit by the insurer under the circumstances in this case raises significant statute of limitation questions.[4]

---

[2] State Farm suggests that the clear implication in footnote 2 of *Clark* is that an insurer filing a subrogation action under its uninsured motorist provisions on a policy issued and delivered *inside of Georgia* would be entitled to bring a direct action against the uninsured motorist. Insofar as the language in footnote 2 can be read as implying this, it is disapproved.

[3] The majority stated that OCGA § 33-7-11 (d) gave "the uninsured motorist carrier the right to file a cross-claim . . . [as] a means of perfecting its subrogation right granted under OCGA § 33-7-11 (f) in the event a judgment is obtained against the uninsured motorist." *Johnson v. Amerson* at 76 (1).

[4] OCGA § 9-3-33 provides a two-year statute of limitation for actions for personal injury, which Cox contends has expired, with the result that State Farm has no subrogation rights left. OCGA § 9-3-22 provides a 20-year time frame for enforcement of rights under statutes. However, any statute of limitation issue is not addressed in the present appeal

Based on the foregoing, the Court of Appeals correctly found that State Farm could not, under OCGA § 33-7-11 (f), file a subrogation action in its own name against the uninsured motorist, for the personal injuries of its insured.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1999.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer,* for appellant.

*Deedra M. Brewer,* for appellee.

---

because neither the trial court nor the Court of Appeals has ruled on the matter. *State Farm Mut. Ins. Co. v. Cox,* 233 Ga. App. at 298 (2).

[5] Inasmuch as the plain language of OCGA § 33-7-11 (f) confers upon the insurer only the right of subrogation, it is unnecessary to discuss any impact from the prohibition of assignment of a right of action for personal torts. See OCGA § 44-12-24.